### C. M. Hyams v. Mrs. H. Smith.

The necessary expenses for boarding and medical attendance upon slaves, seized in a suit and so held pending the litigation, constitute a privileged claimed upon the slaves. C. C. 3191, 3229.

Slaves, although generally immovable by law, are movable by nature, and are, like other movables, subject to a privilege for the expenses necessary for their preservation. C. C. 461, 2899, 3191.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. W. H. *Hunt*, for plaintiff. *Stockton* and *Steele*, for defendant. The judgment of the court was pronounced by

Rost, J. This suit was commenced by attachment. The plaintiff who keeps a slave-yard in New Orleans, claims the amount of a bill for boarding, clothing and medical attendance furnished certain slaves, and also a privilege upon said slaves for the amount due her.

The defendant admits that she is the owner of the slaves, but denies the plaintiff's claim and her liability to pay it, if it exists. She avers, that if the plaintiff has had possession of the slaves, she is bound for the value of their services, and prays that their hire be compensated with any amount she may be found to owe.

The plaintiff's demand up to the amount allowed by the district judge is satisfactorily established, and the only questions are whether the defendant and appellant is personally bound to pay it, and if she is not, whether the plaintiff has a privilege upon the slaves for the payment of it.

The evidence shows that the defendant, who resides in the State of Alabama, had a life estate in the slaves attached; that after her death they were to belong in full property to her children, and that her husband was in possession of them as trustee. The slaves were brought by him to New Orleans and placed in the slave-yard of the plaintiff to be sold. But he died soon after, and before a sale was effected. A curator was appointed to his vacant succession, who caused the slaves to be inventoried as his property, and left them as before in the plaintiff's slave-yard. The defendant claimed the slaves from the curator, and exhibited her title, but he refused to deliver them, and she was compelled to resort to legal process to recover the possession of them. Judgment was rendered in her favor and a writ of possession issued. But before it could be executed, the plaintiff instituted the present proceeding under which the slaves were attached and taken possession of by the sheriff. It is doubtful whether the defendant was personally bound for the expenses incurred by the slaves during the lifetime of her husband under the contract entered into between him and the plaintiff. But as the precise time of his death is not shown, we have no means of ascertaining the amount of those expenses, and only know from the evidence that it was an *inconsiderable portion of the sum claimed*. After his death, and the demand of the slaves by the defendant from the curator of his estate, she cannot, upon any principle, be held personally responsible for the expenses incurred while the property was wrongfully withheld from her, and the rights of the plaintiff, if she has any, must rest upon the privilege claimed.

The contract under which the plaintiff sues was not one of hire, which rendered her liable for the services of the slaves. It was a contract under which the slaves were to perform no labor, but to be boarded, cared for and safely kept. Art. 3191, C. C., provides, that he who having in his possession the property of another, whether in deposit or on loan, or otherwise, has been obliged to incur any expense for its preservation, acquires a privilege on this property.

The plaintiff insists that she has a privilege on the slaves under that article, whoever the owner may be.

The defendant's counsel resists this claim on the ground that the article relied on, is found in the section of the code which purports to treat of the privileges on particular movables, and that it does not apply to slaves. Slaves, although generally immovable by destination of law, are movable by their nature and are

HYAMS
*v.*
SMITH.

held in law to be so, when they form the object of contracts such as the present. C. C. 461, 2899.

Arts. 3191 and 3229, C. C., include all property held in deposit or on loan, or otherwise, and we cannot distinguish where they do not. The classification of the code on the subject of privileges is taken from the Code of France, where there are no slaves, and cannot control the clear intent of its provisions.

It is therefore ordered, that the judgment be amended so as to be satisfied by the sale of the slaves attached, and that, as amended, it be affirmed; the appellee paying the costs of this appeal.